UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                          Case No.: 8:22-cr-232-VMC-TGW-3

JOEL AUGUSTO GONZALEZ-MILLIGAN

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Joel Augusto Gonzalez-Milligan's construed pro se Motion for Compassionate Release (Doc. # 132), filed on August 2, 2024. The United States responded on August 16, 2024. (Doc. # 135). For the reasons set forth below, the Motion is denied.

**I.   Background**

On September 23, 2022, Mr. Gonzalez-Milligan pled guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 47). On January 10, 2023, he was sentenced to 87 months' imprisonment. (Doc. # 95). On June 16, 2022, the Coast Guard shot at the vessel and Defendant was struck in the right leg. (Doc. # 135). He claims continuing complications from surgery and infection. (Doc. # 132). He is 25 years old and projected to be released October 25, 2028. See Bureau of Prisons'

1

Inmate Locator at https://www.bop.gov/inmateloc/ (last visited June 13, 2025). He has served less than one-fifth of his sentence and has incurred six disciplinary infractions. (Doc. # 135-2 at 1-2). He did not petition the Warden for compassionate release before filing the Motion. (Doc. # 135-1 at 1-2).

The Defendant contends that (1) his medical conditions (bullet fragment, surgery complications, infection, numbness, allergies, inability to walk or move his toes or fingers) are "extraordinary and compelling," (2) Amendment 821 entitles him to a two-point reduction, and (3) his youth, family circumstances, isolation, and SHU confinement further justify release. (Doc. # 132).

The United States argues (1) Defendant failed to exhaust BOP remedies as required under 18 U.S.C. § 3582(c)(1)(A)(i); (2) his medical conditions do not meet the strict definition of "extraordinary and compelling" under U.S.S.G. § 1B1.13(b); (3) Amendment 821 cannot by itself be a basis for "extraordinary and compelling" relief under § 1B1.13(c); and (4) the § 3553(a) factors (seriousness of offense, Defendant's disciplinary history, deterrence, and no evidence of rehabilitation) weigh heavily against release. (Doc. # 135).

**II. Discussion**

The Court analyzes Mr. Gonzalez-Milligan's Motion under 18 U.S.C. § 3582(c)(1)(A), which requires (1) exhaustion of administrative remedies, (2) a showing of "extraordinary and compelling" reasons consistent with U.S.S.G. § 1B1.13, and (3) consideration of the § 3553(a) factors.

    **A. Failure to Exhaust Administrative Remedies**

Under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must "fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or else wait thirty days after the warden's receipt of a request before filing in district court.

In this case, there is no evidence that Mr. Gonzalez-Milligan ever submitted a compassionate release request to the BOP. (Doc. #135-1 at 1-2). The Government's declaration from the BOP confirms that no such request was received. (Id.). Because the Defendant has failed to satisfy the exhaustion requirement, his motion for compassionate release must be denied. See United States v. Harris, 989 F.3d 908, 912 (11th Cir. 2021) (holding that a district court must enforce § 3582(c)(1)(A)(i)'s exhaustion requirement by denying relief when no request to the warden is shown).

### B. "Extraordinary and Compelling" Reasons

Even if the Court were to proceed to the merits, Mr. Gonzalez-Milligan has not shown that his medical conditions constitute "extraordinary and compelling" reasons.

Mr. Gonzalez-Milligan claims that his ongoing medical issues, the recent Amendment 821 to the Sentencing Guidelines, and various personal hardships (including his youth, family circumstances, isolation, and SHU confinement) individually constitute "extraordinary and compelling" reasons. (Doc. # 132). However, the Court finds that none of these assertions satisfy the criteria for relief.

Mr. Gonzalez-Milligan's claimed medical issues are a purported retained bullet fragment, post-surgical wound complications from his June 2024 surgery, persistent infection concerns, numbness, allergies to multiple medications, and limited mobility. (Doc. # 132). However, BOP records demonstrate that, following his June 2024 surgery, the wound was steadily improving by early August 2024, and imaging has failed to reveal a bullet fragment in the wound. (Doc. # 135-1 at 1). He also repeatedly refused both prescribed antibiotics and wound-care instructions. (Id.).

4

These facts do not establish a terminal illness or a functional impairment so severe that he cannot care for himself. U.S.S.G. § 1B1.13(b)(1). Moreover, there is no evidence that the BOP is providing inadequate care. (Doc. # 135-1). Because his medical issues are either not severe enough to qualify under § 1B1.13(b)(1) or are being appropriately addressed by prison medical staff, Mr. Gonzalez-Milligan has not demonstrated "extraordinary and compelling" medical circumstances.

Defendant also contends that he "qualif[ies] for the [two-]point reduction." (Doc. #132). The Court will address his eligibility for that reduction after the probation office issues a memorandum confirming whether he qualifies. (Doc. # 147).

Finally, Mr. Gonzalez-Milligan cites his youth, family obligations (e.g., childcare), isolation, and SHU confinement as further reasons for release. (Doc. #132). However, § 1B1.13(b) does not recognize youth alone as a qualifying "extraordinary and compelling" circumstance, nor does it encompass general hardships such as isolation or SHU confinement or routine family responsibilities. U.S.S.G. §

1B1.13(b). Consequently, none of these claimed circumstances satisfies the criteria for relief.

### C. Section 3553(a) Factors

Even if Mr. Gonzalez-Milligan had exhausted his administrative remedies and demonstrated "extraordinary and compelling" reasons, the Court must still weigh the § 3553(a) factors and determine whether compassionate release is appropriate. Here, all relevant factors counsel in favor of denial.

The nature and circumstances of this offense, given its seriousness, do not support compassionate release. 18 U.S.C. § 3553(a)(1). The Defendant pled guilty to conspiring to distribute five kilograms or more of cocaine. (Doc. # 47). He was part of a transnational, maritime trafficking network responsible for transporting 846 kg of cocaine. (Id. at 19). These facts underscore the seriousness of the offense.

The history and characteristics of the Defendant similarly counsel against release. 18 U.S.C. § 3553(a)(1). Mr. Gonzalez-Milligan is 25 years old, has served less than a fifth of his 87-month sentence, and has accrued six disciplinary infractions at FCI Thomson such as refusing to work and possession of a hazardous tool. (Doc. # 135-2 at 1-

2). This disciplinary record indicates a lack of institutional compliance.

Mr. Gonzalez-Milligan failed to exhaust administrative remedies and cannot demonstrate "extraordinary and compelling" reasons for release. In addition, the § 3553(a) factors strongly counsel against early release. Accordingly, his construed pro se Motion for Compassionate Release (Doc. # 132) is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Joel Augusto Gonzalez-Milligan's construed pro se Motion for Compassionate Release (Doc. # 132) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of June, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE